**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5052**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SABRENA ARNETIA MYERS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:09-cr-00229-RBH-2)

———————

Submitted:  January 18, 2011      Decided:  January 25, 2011

———————

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John M. Ervin, III, Darlington, South Carolina, for Appellant.
Carrie Ann Fisher, Rose Mary Sheppard Parham, Assistant United
States Attorneys, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sabrena Arnetia Myers pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute cocaine and fifty grams or more of cocaine base. Myers was sentenced to a 120-month mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(A)(iii) (2006). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court erred at Myers' plea hearing, and (2) whether Myers' sentence was reasonable. For the reasons that follow, we affirm.

In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Rule 11 in accepting Myers' guilty plea. The court ensured that Myers understood the charge against her and the potential sentence she faced, that she entered her plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm Myers' conviction.

2

We have also reviewed Myers' sentence and determine that it was properly calculated and that the sentence imposed was reasonable.  Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).  The district court followed the necessary procedural steps in sentencing Myers, appropriately treated the sentencing guidelines as advisory, properly calculated and considered the applicable guidelines range, and weighed the relevant 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors.  We conclude that the district court did not abuse its discretion in imposing the chosen sentence.  Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within guidelines sentence).

In accordance with Anders, we have reviewed the record in this case, including the issues raised in Myers' pro se supplemental brief, and have found no meritorious issues for appeal.  We therefore affirm Myers' conviction and sentence. This court requires that counsel inform Myers, in writing, of the right to petition the Supreme Court of the United States for further review.  If Myers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof

3

was served on Myers.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED